IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

**vs.**                                             **3:07cr11/MCR**
                                                    **3:08cv170/MCR/MD**

**WALTER BRADBERRY**

_____

## REPORT AND RECOMMENDATION

This matter is before the court upon a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255  (doc. 33).  The government has filed a response (doc. 40) and the defendant has filed a reply  (doc. 49).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After holding an evidentiary hearing on February 25, 2009,  it is the opinion of the undersigned that defendant's motion should be denied.

## I.  BACKGROUND

Defendant was charged in a single count indictment with conspiracy to distribute and possess with intent to distribute cocaine. (Doc. 3).  The government filed a notice of enhancement information setting forth that defendant was subject to enhanced penalties because of two prior controlled substance convictions. (Doc. 11).  Represented by retained counsel Pete J. Vallas, Esq., defendant entered a plea pursuant to a standard written plea and cooperation agreement and separate statement of facts.  (Doc. 24 & 25, doc. 38).

The court directed the preparation of a Presentence Investigation Report (PSR).  The PSR reflected a base offense level of 32 as defendant was held accountable for at least 5 but less than 15 kilograms of cocaine base.  (PSR ¶ 26).  Defendant received a two level adjustment pursuant to § 2D1.1(b)(1) for the co-conspirators' possession of firearms, and a three level downward adjustment pursuant to § 3E1.1(a) for acceptance of responsibility.  (PSR ¶¶ 27, 32).  His total offense level was 31, and his criminal history category was IV.  (PSR ¶¶ 35, 46).  The guidelines range was 151 to 188 months, but pursuant to § 5G1.1(b), the guidelines range became life due to defendant's prior felony drug convictions.  (PSR ¶ 82).

Defendant's lone objection to the PSR was to the adjustment for the co-conspirator's possession of a firearm, but counsel withdrew this objection at sentencing.  (Doc. 39 at 2).  The government conceded at sentencing that defendant did not have two qualifying convictions because the two convictions listed in the enhancement were not actually two separate events.  (*Id.* at 4).  Therefore, his mandatory minimum sentence was twenty years, rather than life imprisonment.  (*Id.*)  The court explained the significance of the government's concession in this regard to the defendant, and sentenced him to the statutory minimum mandatory of 240 months.  The court advised defendant of his appellate rights, but the defendant did not appeal.

In the present motion, defendant contends that his guilty plea was involuntary, that the court lacked jurisdiction to sentence him, that counsel was constitutionally ineffective and that counsel failed to file a notice of appeal.  The government opposes the motion in its entirety.

## LEGAL ANALYSIS

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.  A prisoner is entitled to relief under section 2255 if the court imposed a sentence that

(1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *Thomas v. Crosby,* 371 F.3d 782, 811 (11th Cir. 2004); *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2678, 2649, 91 L. Ed. 2d 397 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent. . . ."

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence.  *See Chandler v. McDonough,* 471 F.3d 1360 (11th Cir. 2006) (citing *Drew v. Dept. of Corrections,* 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); *Hill v. Moore,* 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief."); *Ferguson v. United States*, 699 F.2d 1071, 1072 (11th Cir. 1983).  A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record.  *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted).

Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing.  *Lynn*, 365 F.3d at 1239.  In this case, a limited evidentiary hearing was held on one of defendant's claims, as discussed below.

I.  <u>Involuntary Plea</u>

Defendant's first claim for relief is that his guilty plea was entered unknowingly, involuntarily and without the advice of competent counsel.  He claims that he did not have a full understanding of the consequences of his guilty plea and that it was entered without the advice of competent counsel.  He asserts that counsel did not investigate the facts and law of his case before advising him to plead guilty, and did not fully advise him on the application of the statutory minimum mandatory vs. the application of the guidelines range, or of the fact that entering a plea would provide him with no benefit whatsoever.  Had he understood his sentencing options, he asserts, he would have insisted on proceeding to trial where an acquittal was possible.  (Doc. 34 at 4).

Defendant has also submitted an affidavit in support of his claims.  With respect to ground one, he states in the affidavit that counsel never discussed the notice of enhancement with him, that counsel never told him that he was subject to a minimum mandatory sentence of ten years, that counsel never explained the federal sentencing guidelines and their application to a guilty plea vs. a conviction after a jury trial, and that counsel never told him he would not get an acceptance of responsibility reduction or any other benefit from pleading guilty.  (Doc. 35).  Many of defendant's assertions with respect to this claim are directly refuted by the transcript of the rearraignment proceeding.  First the court considers the applicable legal standards with respect to acceptance of a guilty plea.

In accepting a guilty plea, a court must ensure (1) that the defendant's guilty plea is voluntary and free from coercion; (2) that the defendant understands the nature of the charges; and (3) that he understands the direct consequences of his

guilty plea.  *Gordon v. United States,* 518 F.3d 1291 (11th Cir. 2008) (citing *United States v. Monroe*, 353 F.3d 1346, 1354 (11th Cir. 2003)). An allegation of a coerced plea, supported by a factual allegation, can support a §2255 motion.  *See Fontaine v. United States*, 411 U.S. 213, 214-15, 93 S.Ct. 1461, 1462-63, 36 L.Ed.2d 169 (1973); *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001).   However, a defendant's statements during a Rule 11 colloquy as well as any findings made by the judge accepting the pleas constitute a formidable barrier in any subsequent collateral proceedings. *Blackledge v. Allison,* 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977); *cf. Holmes v. United States*, 876 F.2d 1545, 1550 (11th Cir. 1989) (trial court satisfied itself during Rule 11 colloquy of voluntary and understanding nature of plea).  Solemn declarations made under oath in open court carry a strong presumption of verity.  *Blackledge,* 431 U.S. at 73-74, 97 S.Ct. at 1629*; United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994)*.*  They are presumptively trustworthy and are considered conclusive absent compelling evidence showing otherwise.  *Blackledge,* 431 U.S. at 73-74, 97 S.Ct. at 1629;  *United States v. Butt*, 731 F.2d 75, 80 (1st Cir. 1984) ("[T]he presumption of truthfulness of [defendant's] Rule 11 statements will not be overcome unless the allegations in the § 2255 motion....include credible, valid reasons why a departure from those earlier contradictory statements is now justified.")*; see also United States v. Gonzalez-Mercado,* 808 F.2d 796, 800 n.8 (11th Cir. 1987) (while not insurmountable, there is a strong presumption that statements made during a plea colloquy are true, citing *Blackledge* and other cases); *Downs-Morgan v. United States*, 765 F.2d 1534, 1541 n. 14 (11th Cir. 1985); *Potts v. Zant,* 638 F.2d 727, 750-51 (5th Cir. 1981) (citing *United States v. Sanderson*, 595 F.2d 1021 (5th Cir. 1979)); *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997); *United States v. Messino*, 55 F.3d 1241, 1248 (7th Cir. 1995); *United States v. Mims*, 928 F.2d 310, 313 (9th Cir. 1991); *United States v. DeFusco*, 949 F.2d 114, 119 (4th Cir. 1991).  Consequently, a defendant "bears a heavy burden to show his statements [under oath] were false." *United States v. Rogers*, 848 F.2d

166, 168 (11th Cir. 1988); *United States v. Green*, 2008 WL 1923102 (11th Cir. 2008) (Table, text in WESTLAW); *United States v. Reid*, 2007 WL 4190403 (11th Cir. 2007) (Table, text in WESTLAW); *United States v. Cardenas*, 230 Fed.Appx. 933, 2007 WL 2119918 (11th Cir. 2007) (Table, text in WESTLAW). "[I]f the Rule 11 plea taking procedure is careful and detailed, the defendant will not later be heard to contend that he swore falsely."  *United States v. Stitzer*, 785 F.2d 1506, 1514, n.4 (11th Cir. 1986) (quoting *United States v. Barrett*, 514 F.2d 1241, 1243 (5th Cir. 1975)).

The Eleventh Circuit has held that courts should be skeptical of late, and especially post-sentencing, challenges to guilty pleas, and that they should strongly guard against permitting defendants to use "the guilty plea as a means of testing the weight of a potential sentence."  *Gonzalez-Mercado*, 808 F.2d at 801; see also *Blackledge*, 431 U.S. at 71-72, 97 S.Ct. at 1628 (noting that guilty pleas are to be accorded a great measure of finality because more often than not a defendant has "everything to gain and nothing to lose" by attacking his plea.)

At the plea proceeding in defendant's case, there was some discussion about whether the defendant could plead guilty to joining a conspiracy involving five kilograms or more of cocaine without admitting personal guilt as to that quantity. (Doc. 28 at 3-11).  The court ultimately allowed him to enter such a plea after consultation with counsel.  The court questioned defendant about his background and explained his rights to him, including the rights he would be giving up.  (*Id.* at 18-21).  Defendant verified his signature on the plea and cooperation agreement, stated that he had reviewed it, counsel had explained it, and no one had used any threats or pressure to get him to sign it.  (*Id.* at 22).  The court specifically explained the penalties the defendant faced, including the enhancement.  (*Id.* at 22-24).  The court told defendant that if he was found to have two prior felony drug convictions, that there would be no argument about drug weight or anything else at sentencing, and that he would receive a sentence of life imprisonment, unless the government filed and the court granted a substantial assistance motion.  (*Id.* at 24).  It explained

that without the prior felony drug convictions the mandatory minimum sentence would be ten years imprisonment.  (*Id.* at 24-25).  Defendant indicated that he understood.  The court admonished counsel that the notice of enhancement was something that should have been discussed with the defendant before that day.  Counsel responded that although he did not have a copy of that notice, he had discussed defendant's priors and the minimum mandatory sentence that he was facing.  (*Id.* at 25).

The court next went over the application of the guidelines to defendant's possible sentence. It advised him that because he faced a statutory minimum mandatory sentence of either ten years or life depending on whether his prior convictions were proven, the statutory minimum sentence could trump or take precedence over any guidelines sentence. (Doc. 38 at 26-27).  Defendant indicated that he understood.  (*Id.* at 27).  The court noted that it would look to the guidelines and take them into account as a threshold matter in determining his sentence, but that its discretion was bound by the statutory minimums and maximums.  (*Id.*)

The court also explained the portion of the plea agreement pertaining to the filing of a substantial assistance motion.  It clarified that the decision to file such a motion rested entirely with the government, that defendant would not be able to complain or withdraw his guilty plea at sentencing if such a motion was not filed, and that there was no guarantee that if the motion were filed it would be granted. (Doc. 38 at 27-29).  Once again, defendant indicated that he understood.  Upon questioning by the court, the defendant indicated that there were no other agreements between him and the office of the United States Attorney, that the written plea agreement encompassed the entirety of the agreement, that he had reviewed the agreement with counsel and understood it.  (*Id.* at 30).  The court asked defendant about his satisfaction with his counsel and whether he had had adequate time to confer with him.  At this point the defendant asked to talk to Mr. Vallas one more time, so the court took a brief recess to afford him the opportunity to do so.

(*Id.* at 34).  After the recess the court asked defendant whether he was ready to proceed, whether he was satisfied with counsel's representation of him in the case, whether he had any remaining objections, and whether he needed the court to clarify anything for him or he wished to change any of his answers to the court's questions. (*Id.* at 35).  Satisfied with his responses, the court then found that the defendant was alert and intelligent, that he understood the nature of the charge and the consequences of entering a guilty plea and that his plea was freely and voluntarily made.  (*Id.* at 35).

Based on this record and the district court's thorough colloquy, defendant has not established that his guilty plea was involuntary.  The representations made in his motion are clearly contradictory to the statements made under oath at the plea proceeding and he has not given any reason to disregard those statements. See *Blackledge; Gonzalez-Mercado, supra.*

II.     Jurisdiction to Sentence defendant under 21 U.S.C. § 851

Defendant contends that the court lacked jurisdiction to sentence him pursuant to 21 U.S.C. § 851 because of a failure to strictly comply with the requirements of the statute.

A motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. *Lynn v. United States,* 365 F.3d 1225, 1234-35 (11th Cir. 2004); *Bousley v. United States,* 523 U.S. 614, 118 S.Ct. 1604, 1610, 140 L.Ed.2d 828 (1998); *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994) (recognizing that a ground is "available" on direct appeal when "its merits can be reviewed without further factual development"); *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982).  Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the

defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." *Lynn,* 365 F.3d at 1234; *Bousley,* 118 S.Ct. at 1611 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel can constitute cause. *See United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000). Because the defendant's § 2255 motion also includes a claim of ineffective assistance of counsel, the court will address the merits of this claim.

In order to obtain a sentence enhancement based on a defendant's prior convictions, the government must comply with the notice requirements of 21 U.S.C. § 851(a)(1), which provides in pertinent part:

> (a) Information filed by United States Attorney
>
> (1) No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon. ...

21 U.S.C. § 851(a)(1).

In the defendant's case, the notice of enhancement information was filed with the court and served via electronic filing on the defendant's attorney on February 16, 2007 (doc. 11). This was over a month before defendant entered his guilty plea. See *Perez v. United States*, 249 F.3d 1261, 1266 (11th Cir. 2001) (information was timely filed where served upon defendant's counsel before entry of defendant's guilty plea). The enhancement information stated the dates on which defendant was convicted in Alabama and identified the offenses of conviction that were intended to support the enhancement, thus meeting the statutory requirements.

At the plea proceeding, defendant's attorney told the court that while he was not sure if he had a copy of the notice of enhancement information, he did have certified copies of the defendant's prior convictions.  (Doc. 38 at 23).  Counsel for the government promptly provided him with a copy, and the court explained the contents and meaning of the document to defendant in great detail.  (Doc. 38 at 23-25).  The notice requirement was clearly satisfied.

To the extent defendant claims that the court was without jurisdiction to apply an enhancement at sentencing because it did not inquire whether defendant affirmed or denied the listed convictions, under the circumstances of this case, this was not required.  Title 21 U.S.C. § 851(b) provides that:

> If the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

However, because the convictions listed in the notice of enhancement information occurred in 1998, more than five years before the date of the information, defendant was precluded from challenging the validity of these convictions pursuant to the limitations period set forth in 21 U.S.C. § 851(e). This section provides:

> No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction.

21 U.S.C. § 851(e).  Because defendant was precluded as a matter of law from challenging his prior convictions, the district court was "not required to adhere to the rituals of § 851(b)."  *United States v. Williams*, 438 F.3d 1272, 1274 (11th Cir. 2006) (citing *United States v. Weaver*, 905 F.2d 1466, 1482 (11th Cir. 1990)).  Thus, the notice of enhancement information was legally sufficient and the district court was not required to inquire whether defendant affirmed or denied his convictions.

III.    **Ineffective assistance of counsel**

     A.   **Applicable Legal Standards**

     Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States,* 538 U.S. 500, 503, 123 S.Ct. 1690, 1693, 155 L.Ed.2d 714 (2003); *see also United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002); *United States v. Jiminez*, 983 F.2d 1020, 1022, n. 1 (11th Cir. 1993).  To show a violation of his constitutional right to counsel, defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d (1984); *Williams v. Taylor*, 529 U.S. 362, 390, 120 S.Ct. 1495, 1511, 146 L.Ed.2d 389 (2000); *Gaskin v. Secretary, Dept. of Corrections,*  494 F.3d 997, 1002 (11th Cir. 2007). "*Strickland's* two-part test also applies where a prisoner contends ineffective assistance led him or her to enter an improvident guilty plea." *Yordan v. Dugger,* 909 F.2d 474, 477 (11th Cir. 1990) (citing  *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).  In applying *Strickland*, the court may dispose of an ineffective assistance claim if defendant fails to carry his burden on either of the two prongs.  466 U.S. at 697, 104 S.Ct. at 2069.

     In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Id*. at 688, 104 S.Ct. at 2065; *see also Dingle v. Secretary for Dept. of Corrections,* 480 F.3d 1092, 1099 (11th Cir. 2007)*; Atkins v. Singletary*, 965 F.2d 952 (11th  Cir. 1992).  "[R]eviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance." *Yordan v. Dugger*, 909 F.2d 474, 477 (11th Cir. 1990) (citing *Harich v. Dugger*, 844 F.2d 1464, 1469 (11th Cir. 1988); *Dingle v. Secretary for Dept. of Corrections,* 480 F.3d 1092, 1099 (11th Cir. 2007)*; Chandler v. United States,* 218

F.3d 1305, 1314 (11th Cir. 2000); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation")). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States,* 518 F.3d 1291, 1301 (11th Cir. 2008); *United States v. Freixas*, 332 F.3d 1314, 1319-1320 (11th Cir. 2003); (quoting *Brownlee v. Haley*, 306 F.3d 1043, 1059 (11th Cir. 2002)(quoting *Strickland*, 466 U.S. at 687, 689-90, 104 S.Ct. at 2064-66 and *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc)). When examining the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." *Chandler*, 218 F.3d at 1316 n. 18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369-70, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). Defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687). Or in the case of alleged sentencing errors, defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203-04, 121 S.Ct. 696, 700-01, 148 L.Ed.2d 604 (2001). A

significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.*

To establish ineffective assistance, defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir.), *cert. denied*, 484 U.S. 863, 108 S.Ct. 181, 98 L.Ed.2d 133 (1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *Wilson v. United States,* 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (citing *Blackledge*, 431 U.S. at 74, 97 S.Ct. at 1629); *United States v. Ross*, 147 Fed.Appx. 936, 939 (11th Cir. 2005).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000). This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Dingle,* 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)). Mindful of these legal standards, the court now considers defendant's various ineffective assistance of counsel claims.

### B. Mis-advice regarding guilty plea

Defendant first contends that counsel was ineffective for advising him to plead guilty prior to conducting any investigation into the facts and law of his case. Defendant contends that had counsel investigated, he would have realized that the

statutory minimum mandatory penalty of 20 year would have trumped the guideline range of 151 to 188 months, such that defendant would have gained nothing by entering a guilty plea, ie. acceptance of responsibility would have had no bearing on his sentence, and instead defendant lost the chance for an acquittal.

As set forth above, the written plea and cooperation agreement and the court's remarks to the defendant at the rearraignment clearly put defendant on notice that he was likely facing a statutory minimum mandatory sentence of life imprisonment. At the time of his plea and based on the record, everyone, including the defendant, believed that he was facing a minimum mandatory sentence of life and that the only way he could receive a lesser sentence was if the government filed a substantial assistance motion. He nonetheless chose to enter the guilty plea, and he cannot now place the blame on counsel for this decision. Furthermore, although the weight of the government's evidence was not the focus of the evidentiary hearing, counsel did testify that the government had a good case against his client, and that there were witnesses and phone records that would have linked his client to illegal drug activity.

### C. Failure to object to sentence imposed in violation of 21 U.S.C. § 851

Defendant contends that counsel was ineffective for his failure to object to the sentence being imposed in alleged violation of 21 U.S.C. § 851. As noted above, there was no basis for such an objection, and counsel is not constitutionally ineffective for failing to preserve or argue a meritless claim. *Freeman v. Attorney General, Florida,* 536 F.3d 1225, 1233 (11th Cir. 2008); see also *Brownlee v. Haley,* 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit); *Chandler v. Moore,* 240 F.3d 907 (11th Cir. 2001) (counsel not ineffective for failing to object to "innocuous" statements by prosecutor, or accurate statements by prosecutor about effect of potential sentence); *Meeks v. Moore*, 216 F.3d 951, 961 (11th Cir. 2000) (counsel not ineffective for failing to make meritless

motion for change of venue); *Jackson v. Herring*, 42 F.3d 1350, 1359 (11ᵗʰ Cir. 1995) (counsel need not pursue constitutional claims which he reasonably believes to be of questionable merit); *United States v. Winfield*, 960 F.2d 970, 974 (11ᵗʰ Cir. 1992) (no ineffective assistance of counsel for failing to preserve or argue meritless issue).

### D.  Failure to move for downward departure for acceptance of responsibility

Defendant contends that counsel was constitutionally ineffective because he failed to move for a 3 level sentence reduction for acceptance of responsibility due to defendant's guilty plea.  Defendant cites *United States v. Rodriguez*, 64 F.3d 638 (11ᵗʰ Cir. 1995) in support of his assertion that counsel failed to familiarize himself with applicable law.  Defendant's reliance on *Rodriguez* is inapposite, as that case dealt with a district court's discretion to grant a departure from a guidelines range when the statutorily authorized maximum sentence is less than the low end of the applicable guidelines range.  64 F.3d at 642.  In defendant's case, the statutory minimum mandatory was *greater* than the high end of the applicable guidelines range, and therefore sentencing below that minimum mandatory absent a substantial assistance motion or applicability of the safety-valve provision was not permissible.  *See United States v. Castaing-Sosa*, 530 F.3d 1358 (11ᵗʰ Cir. 2008). Defendant is not entitled to relief on this ground, as again, counsel is not constitutionally ineffective for failing to preserve or argue a meritless claim. *Freeman*, *Brownlee*, *Chandler*, supra.

### E.  Failure to file an appeal

Defendant's last claim is that counsel was constitutionally ineffective because he failed to file an appeal as requested, or to consult with him about an appeal.  In his supporting affidavit, defendant states that he told counsel "immediately following his sentencing" that he wanted to appeal his sentence, and that counsel advised that he would take care of it. (Doc. 35, att. 1 at 2).  Defendant further states

that his sister called counsel two or three days after sentencing to discuss this issue and was told that because of the sentence that had been imposed, defendant "should not appeal" but that counsel "would take care of it." (*Id.*).

Counsel's affidavit presented things differently. (Doc. 40, att. A at 4). Attorney Vallas stated that he discussed the matter of an appeal with the defendant after sentencing, and that the substance of the discussion was that in light of the court's imposition of the statutory minimum mandatory, pursuit of an appeal would not be beneficial. (*Id.*) Instead, counsel suggested that other members of defendant's family might be able to provide assistance to law enforcement in defendant's behalf so that he might receive a subsequent Rule 35 motion. (*Id.*) Counsel expressly stated in his affidavit that he was never told to file an appeal, and that he never told anyone that he would take care of it, and he reiterated that neither the defendant nor any other member of defendant's family told him that defendant wanted to appeal. (*Id.*) Counsel further averred that had he been so told, he would have filed a Notice of Appeal on defendant's behalf. (Doc. 40, att. A at 4).

Defendant did not re-address this claim in his traverse. On December 11, 2008, the court entered an order in which it opined that in light of the extreme stylistic differences between defendant's original motion/memorandum and his traverse that the documents were not prepared by the same individual. (Doc. 50 at 1-2). The court noted that this in and of itself was not cause for concern, but the fact that the affidavit signed by defendant contained assertions that were directly contradictory to those made under oath at the plea proceeding could subject the defendant to a separate prosecution for perjury. Defendant was directed to submit an affidavit setting forth "with as much detail as possible, as many relevant facts and details as he can in support of his claim that counsel failed to file an appeal upon request." (Doc. 50 at 2). Defendant's six page submission barely touched upon the issue he was directed to address, and provided no new information. He stated that he requested that his attorney file an appeal, counsel told him he would take care of

the appeal, that his sister called Vallas' office and was told that defendant "should not appeal" but that counsel "would take care of it."  (Doc. 51 at ¶¶ 14, 15, 16, 17). Defendant reiterated his desire to pursue his claim that he was denied effective assistance of counsel due to counsel's failure to file the requested appeal.

Based on this, the court held an evidentiary hearing on February 25, 2009, limited to the issue of counsel's failure to file an appeal.  The defense first presented the testimony of Keisha Fairley, the defendant's girlfriend.  Ms. Fairley testified that approximately 5 days after defendant's sentencing she called Mr. Vallas and told him that the defendant "wanted to talk to him about an appeal."  She said Mr. Vallas made it sound like he was not going to return to Pensacola to see the defendant due to the cost of gas.

Vivian Mitchell, the defendant's sister,[1] testified that immediately after the sentencing hearing she asked counsel about an appeal, and Mr. Vallas told her to call him.  Ms. Mitchell testified, seemingly contrary to the representation previously made by the defendant, that she did not call counsel, but rather it was Ms. Fairley who made the call.  Ms. Mitchell said that after learning that counsel had not gone to see the defendant as Ms. Fairley had requested, she personally went to Mr. Vallas' office to speak to him.  She testified that while she asked "about" an appeal, she never told counsel specifically that defendant wanted to appeal.  Instead, they talked about the evidence against the defendant, and the fact that counsel was hoping defendant could receive the benefit of a substantial assistance motion, perhaps due to information that Ms. Mitchell and her husband could provide.

Defendant Bradberry was the last witness for the defense.  He testified that after he was sentenced and before leaving the courtroom, he asked counsel to appeal because of his confusion over the minimum mandatory that was applied to him.  Defendant explained that at the plea proceeding, he had been told that because

---

[1]There is nothing in the record to conclusively indicate whether Ms. Mitchell is the sister referred to by the defendant in his affidavit submitted to the court.  Because she was the only sister to testify, the court will assume that she is.

of the notice of enhancement he was facing a mandatory term of life imprisonment, and without this enhancement he was facing a minimum mandatory of ten years. There was no mention or discussion of a twenty year minimum mandatory until sentencing, when the government conceded that defendant had only one qualifying prior conviction.  It was at that point that the twenty year minimum mandatory came into play.  Defendant's guideline range (151 to 188 months) would have been below the twenty year sentence he received, and he wanted to appeal on that basis. Defendant also testified that counsel told him that he would come to the jail to talk to defendant about the appeal, but that he never saw counsel after sentencing.  He admitted that he had never called or written to counsel about the appeal or any other issue after sentencing.

Mr. Peter Vallas, Esq. testified for the government.  He stated that he was admitted to the bar in September of 1976, his practice was comprised of approximately 60% criminal defense work in state and federal court, and that he had handled thousands of criminal cases.   Mr. Vallas described his review of the defendant's case and indicated that in his opinion the government had a pretty strong case against his client.  He testified that he discussed the issue of an appeal with the defendant, but told him that there were no appealable issues and instead tried to encourage defendant to work towards receiving a substantial assistance motion.   Counsel unequivocally stated that neither the defendant nor any family member or love interest ever told him that defendant wanted to appeal.  He also stated that had a desire to appeal been communicated to him, he would have filed the notice immediately, as it is a simple one page notice that is filed electronically. Instead, counsel testified, even after sentencing he tried to get defendant a substantial assistance motion. [2]

---

[2]Although there was no testimony on this issue at the evidentiary hearing, typically, pursuit of a substantial assistance motion is incompatible with pursuing an appeal.

On cross-examination, counsel denied recollection of either a call from defendant's girlfriend or an in-person visit from defendant's sister to his office in Mobile.  He explained that he talked with defendant's family at sentencing and told them that while defendant had a right to appeal, in his opinion there were no appealable issues and that defendant's best course would be to try to get a Rule 35, perhaps through the cooperation of other family members.   Ultimately, this cooperation did not pan out.

On re-direct, counsel indicated he had been relieved at the 20 year sentence his client received, instead of the mandatory life that he anticipated going into sentencing.   Counsel also indicated that he was aware that after defendant's sentencing, the Eleventh Circuit had held that two felony convictions for conduct occurring in the same day were properly counted as two separate offenses.  See *United States v. Richardson*, 273 Fed. Appx. 793 (11th Cir. 2008) (finding two drug sales to undercover law enforcement officers 90 minutes apart on the same day could be counted as two priors for sentencing under 21 U.S.C. § 841(b)(1)(A)).  Thus, it is possible if defendant were resentenced today, his two convictions could have been counted separately, thus subjecting him to a mandatory term of life imprisonment.

Assistant Federal Public Defender Tom Keith, who was appointed to represent defendant for the purpose of the evidentiary hearing, argued that there was conflicting testimony about whether defendant had communicated his desire for an appeal. He also argued that at minimum, counsel had failed to consult with his client about the pro's and con's of filing an appeal, and had had no further contact with him after sentencing.

Assistant United States Attorney David Goldberg maintained that this was merely a credibility issue for which there was no proof of defendant's alleged request for an appeal: no letters, no phone records, etc.  Attorney Goldberg also noted that the defendant's girlfriend, who he characterized as the "star witness,"

had never been mentioned by defendant before the date of the hearing.  Instead, in defendant's affidavits it had been his sister who allegedly made the calls to counsel, an assertion that Ms. Mitchell denied.

The law is well-established that if a defendant specifically instructs his attorney to file a notice of appeal, a lawyer who disregards this instruction acts in a manner that is professionally unreasonable.  *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 1035, 145 L.Ed.2d 985 (2000) (citing *Rodriguez v. United States*, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969); *Peguero v. United States*, 526 U.S. 23, 28, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999)).  Since a defendant whose lawyer fails to file an appeal upon request has been denied an entire judicial proceeding, prejudice is presumed and the defendant is entitled to a belated appeal.  *Id.*; *Gomez-Diaz v. United States*, 433 F.3d 788, 792 (11th Cir. 2005).  However, in cases where a defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, the question whether counsel has performed deficiently by not filing a notice of appeal is analyzed as follows:

> [T]he question . . . is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal.  We employ the term "consult" to convey a specific meaning - advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes.  If counsel has consulted with the defendant, the question of deficient performance is easily answered; Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.  *See supra* 1034-1035.  If counsel has not consulted with the defendant, the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitutes deficient performance.

*Flores-Ortega,* 528 U.S. at 478, 120 S.Ct. at 1035; see also *Thompson v. United States*, 504 F.3d 1203, 1207 (11th Cir. 2007).  The *Flores-Ortega* Court rejected a bright-line rule that counsel must always consult with a defendant regarding an appeal:

> **We instead hold that counsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.  In making this determination, courts must take into account all the information counsel knew or should have known . . . . Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings.**

*Id.,* 528 U.S. at 480, 120 S.Ct. at 1036; see also *Devine v. United States*, 520 F.3d 1286 (11th Cir. 2008) (finding counsel had no affirmative duty to consult with defendant about an appeal where defendant was sentenced at the bottom of the Sentencing Guidelines range after pleading guilty and waiving right to appeal); *Thompson,* 504 F.3d at 1208 (11th Cir. 2007) (defendant dissatisfied with perceived disparate sentence met burden of showing he would have wanted to appeal); *Otero v. United States*, 499 F.3d 1267 (11th Cir. 2007) (defendant who received sentence at low end of predicted guidelines range and had not expressed desire to appeal failed to show prejudice).

In cases where a defendant has not specifically instructed his counsel to file a notice of appeal, a *per se* prejudice rule does not apply, rather, a defendant must demonstrate a reasonable probability exists that, but for counsel's deficient performance, he would have timely appealed. *Flores-Ortega,* 120 S.Ct. at 1038, 1040; *Thompson*, 504 F.3d at 1207.  "Evidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will often be highly relevant in making this determination." *Flores-Ortega*, 120 S.Ct. at 1039. However, "[b]ecause a direct appeal of a federal conviction is a matter of right, see *Rodriquez v. United States*, 395 U.S. 327, 329-330, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969), we determine whether a defendant has shown that there is a reasonable probability that he would have appealed without regard to the putative merits of such

an appeal." *Thompson v. United States,* 504 F.3d at 1208 (citing *Flores-Ortega*, 528 U.S. at 485-86, 120 S.Ct. 1029; *Gomez-Diaz*, 433 F.3d at 793).

In *Thompson*, the district court had found "[c]onsulting with [Thompson] for less than five minutes about his right to appeal does not equate to a failure to consult." 504 F.3d at 1207. On appeal, the Eleventh Circuit stated that the question of what constitutes adequate consultation, however, is not one of duration, but of content. *Id.* It found that the content of the exchange in that case did not constitute adequate consultation because no information was provided to the defendant from which he could have intelligently and knowingly either asserted or waived his right to an appeal, and the record was clear that no reasonable effort was made to discover defendant's informed wishes regarding an appeal. *Id.* Under these circumstances, the court found that any waiver by the defendant of his right to appeal was not knowing and voluntary. *Thompson*, 504 F.3d at 1207.

In *Otero v. United States*, 499 F.3d 1267, 1270-1271 (11th Cir. 2007) the court found that counsel had not consulted with his client, when all discussions took place prior to sentencing. However, it found that no rational defendant in Otero's position would have sought to appeal in light of the broad appeal waiver, and because Otero did not communicate to his lawyer a desire to appeal, it concluded that counsel was not under a constitutional obligation to consult with his client about an appeal.

In this case, the record reflects that the court explained to defendant at sentencing that he had ten days within which to file an appeal. The court told defendant if he could not afford the cost of appeal, he was entitled to apply to the court to proceed without cost. The court also informed him the clerk of court would file a notice of appeal on his behalf if defendant requested this, and again reminded defendant that an appeal must be filed within ten days. Defendant knew, therefore, if his lawyer failed or refused to file an appeal, he had recourse with the court.

Defendant does not allege he made an effort to pursue an appeal through the clerk of court, or that for some reason he was prevented from doing so.

After reviewing the record and hearing the testimony of the witnesses, the court credits the testimony of Mr. Vallas with respect to the issue of an appeal. Defendant's assertion that he told counsel of his desire to appeal in a brief post-sentencing conversation is not credible in light of his admitted failure to call or write to counsel after the sentencing.   Furthermore, the court does not credit the testimony of Ms. Fairley, who, as noted by the government, had not previously been identified by the defendant as having information pertinent to this issue.  Finally, the court finds that the consultation to which Mr. Vallas testified, that he advised both defendant and his family on separate occasions that pursuit of a Rule 35 motion would be of greater benefit to the defendant than pursuing an appeal, was constitutionally sufficient to pass muster under *Strickland*.


Based on the foregoing, it is respectfully RECOMMENDED:

The motion to vacate, set aside, or correct sentence (doc. 33)  be DENIED.


At Pensacola, Florida, this 13th day of March, 2009.



/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**



## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 3:07cr11/MCR; 3:08cv180/MCR/MD*