IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.  3:07cr11/MCR
 3:08cv170/MCR/MD

WALTER BRADBERRY

---

## REPORT AND RECOMMENDATION

This matter is before the court upon referral from the district court for consideration of defendant's motions for reconsideration of order denying motion to reopen time to file appeal. (Doc. 66 & 69). Pursuant to the district court's order, defendant submitted a sworn affidavit detailing his receipt of the court's April 19, 2009 order and judgment denying his § 2255 petition, which is also before the court. (Doc. 70). Because the undisputed evidence shows that defendant is not entitled to relief, no evidentiary hearing or other proceedings are required.

The undersigned held an evidentiary hearing on defendant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 on February 25, 2009. (Doc. 56). On March 13, 2009, this court issued a report and recommendation that the defendant's motion be denied in its entirety, and allowing the office of the Federal Public Defender to withdraw as counsel for the defendant. (Doc. 58 & 59). Defendant's pro se objections were docketed on April 8, 2009. (Doc. 60), and the district judge entered an order adopting the report and recommendation on April 16, 2009. (Doc. 61). Judgment was entered accordingly. (Doc. 62).

Defendant filed a motion to reopen time to file appeal pursuant to Federal Rules of Appellate Procedure Rule 4(a)(6) which was docketed on March 17, 2010. (Doc. 63)

Defendant asserts in his original motion and in his supporting affidavit that he did not learn his motion had been denied until March 9, 2010, when he received a letter from the clerk of this court advising him of this, and that he immediately filed his motion to reopen time to file appeal within 14 days thereafter as required by the appellate rules.

Federal Rule of Appellate Procedure Rule 4(a)(6) provides as follows:

(6) The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if **all** the following conditions are satisfied:
(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of judgment or order sought to be appealed within 21 days after entry;
(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, **whichever is earlier**; **and**
(C) the court finds that no party would be prejudiced.

(Emphasis added). The court accepts defendant's assertion about when he received notice of the court's order as true for the purposes of considering this motion for reconsideration, thus satisfying subpart (6)(A) of the rule. However, regardless of whether defendant's motion to reopen the time to file an appeal was filed within fourteen days of his receipt of said notice, because it was filed eleven months after the entry of judgment it was untimely. As set forth above, Rule 4(a)(6)(B) expressly requires that such a motion be filed by the earlier of 180 days after the judgment is entered or 14 days after receiving notice of the judgment. The earlier of the two dates in this case was 180 days after the judgment was entered. Defendant's assertion that his motion was timely filed under Rule 4(a)(6)(B) based solely on the date he received notice of the order totally disregards the admonition "whichever is earlier." Thus, defendant failed to meet all of the required conditions of Rule 4(a)(6), his motion was properly denied, and his motion for reconsideration should likewise be denied.

Accordingly, it is respectfully RECOMMENDED:

Defendant's motion for reconsideration of order denying motion to reopen time to file appeal pursuant to Fed.R.App.P. 4(a)(6) be DENIED.

*Case No: 3:07cr11/MCR; 3:08cv170/MCR/MD*

At Pensacola, Florida this 11th day of May, 2010.


/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**