IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                                  Case Nos.:   3:07cr11/MCR/EMT
                                                                 3:14cv238/MCR/EMT
WALTER BRADBERRY
_____/

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's "Motion for Leave of Court to File 28 U.S.C. § 2255(f)(3) or (4) Due to New Supreme Court Ruling" and incorporated request to vacate his sentence and resentence him (doc. 88).  In light of Defendant's claim that his sentence was erroneously enhanced and associated request to be resentenced, the motion was construed as having been filed pursuant to 28 U.S.C. § 2255.  Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, it is the opinion of the undersigned that the court is without jurisdiction to grant the relief requested.[1]

## BACKGROUND and ANALYSIS

In June 2007 Defendant was sentenced to a term of 240-months imprisonment after pleading guilty to conspiracy to distribute and possess with intent to distribute cocaine (docs. 23–25, 29–30). Defendant did not appeal, although he timely filed a motion to vacate, which motion was denied on April 16, 2009 (*see* docs. 59, 61; *see also* doc. 62, judgment, entered April 17, 2009).  Defendant

---

[1] Defendant's motion is not on the appropriate court form as required by Northen District of Florida Local Rule 5.1(J)(2).  If summary dismissal was not warranted in this case, Defendant would be required to file an amended motion on the court form as required by this rule before his motion would be considered on the merits.

unsuccessfully moved several times to reopen the time to appeal the denial of his § 2255 motion (*see* docs. 63, 64, 66, 67, 69–74). Additionally, Defendant filed an "Application for a Certificate of Appealability" on July 16, 2010, which was denied by both the district court and the Eleventh Circuit Court of Appeals (docs. 76, 79, 86). He appealed, and his appeal was dismissed in November of 2010 for want of prosecution (doc. 87). Defendant again seeks to have his sentence vacated, basing his most recent request for relief on the recent Supreme Court decision in Alleyne v. United States, 133 S. Ct. 2151 (2013), which he suggests announced a new substantive rule that is retroactively applicable to his case (doc. 88 at 2).

To the extent Defendant's motion is construed as incorporating a § 2255 motion, this court does not have jurisdiction to entertain the motion. Defendant previously moved for § 2255 relief. Before a second or successive application for § 2255 relief is filed in the district court, the litigant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3) and § 2255(h); Felker v. Turpin, 518 U.S. 651 (1996); United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005); United States v. Oliveros-Estupinan, 544 F. App'x 930 (11th Cir. 2014). This authorization is required even when, as here, a defendant asserts that his motion is based on the existence of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h)(2). This court does not have jurisdiction to grant Defendant leave to file a successive § 2255 motion, and Defendant has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion. Therefore, the instant motion for leave of court must be denied and the motion to vacate must be dismissed without prejudice.[2]

---

[2] It may be that Defendant intended to file the instant motion with the Eleventh Circuit. This cannot be conclusively determined, but it appears that Defendant indeed intended to file the motion in this court. For example, the motion is specifically captioned for this court, Defendant does not mention in it that the motion he wishes to file is successive, and he asks that the court (evidently, the court to which the motion is directed) to resentence him, which of course, can only be done by this court. In any event, if Defendant were to successfully obtain leave from the Eleventh Circuit to file a second or successive § 2255 motion, he would not be prejudiced by the court's ruling herein. Whether Defendant will be able to secure such leave is questionable as several appellate courts, including the Eleventh Circuit, have found that Alleyne is not retroactively applicable on collateral review. United States v. Harris, 741 F.3d 1245, 1250 n.3 (11th Cir. 2014); *see also* United States v. Redd, 735 F.3d 88, 91 (2d Cir. 2013); United States v. Winkelman, 746 F.3d 134, 136 (3d Cir. 2014); In re Kemper, 735 F.3d 211, 212 (5th Cir. 2013); United States v. Miller, 542 F. App'x 526, 528 (7th Cir. 2013); In re Payne, 733 F.3d 1027, 1029–30 (10th Cir. 2013).

Case Nos.: 3:07cr11/MCR/EMT; 3:14cv238/MCR/EMT

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Court ("§ 2255 Rules") provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. Defendant's motion for leave of court to file a motion under 28 U.S.C. § 2255 be **DENIED,** and the incorporated § 2255 motion to vacate pursuant to 28 U.S.C. § 2255 (doc. 88), be **DENIED and DISMISSED** without prejudice.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 23rd day of May 2014.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only**.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* **28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**